**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **KAPPA DIGITAL, LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**KVH INDUSTRIES, INC.,**<br><br>    **Defendants.** | **CIVIL ACTION NO. 2:15-cv-742**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. This is an action for patent infringement in which Kappa Digital, LLC ("Kappa" or "Plaintiff"), makes the following allegations against KVH Industries, Inc. ("KVH" or "Defendant").

**PARTIES**

2. Plaintiff is a Texas limited liability company with its principal place of business at 1333 W. McDermott Drive, Suite 241, Allen, Texas 75013. Kappa's president is Daniel F. Perez.

3. On information and belief, Defendant KVH is a Delaware corporation with its principal place of business at 50 Enterprise Center, Middletown, Rhode Island 02842. KVH does not appear to have a registered agent in Texas.

**JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements

alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,349,135

7.   Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 6,349,135 ("the '135 Patent") entitled "Method And System For A Wireless Digital Message Service"– including all rights to recover for past and future acts of infringement.  The '135 Patent issued on Feb. 19, 2002.  A true and correct copy of the '135 Patent is attached as Exhibit A.

8.   Upon information and belief, KVH has been and now is directly or through intermediaries is making, made, having made, installing, installed, using, used, importing, imported, providing, provided, supplying, supplied, distributing, distributed, selling, sold, offering and/or offered for sale products, services and/or systems (the "infringing systems") that infringe or, when used by their intended users in the manner intended by KVH, infringe(d) one or more claims of the '135 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, KVH's infringing systems include, but are not limited to, at least its mini-VSAT Broadband products/services.  Use of these infringing products and the services they provide in their intended manner, and as they are designed and/or programmed to operate – specifically with respect to providing a satellite-connected device the ability to receive messages – appear to infringe one or more claims of the '135 Patent.  Furthermore, KVH appears to act as sole the service provider to users of these infringing systems – resulting in use of the infringing systems by end-users under the influence and control of KVH.  KVH thus directly and indirectly infringes, jointly infringes, contributes to and/or induces infringement of one or more claims of the '135 Patent.  Defendant KVH is thus liable for infringement of the '135 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of, the '135 Patent;

2. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '135 Patent;

3. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '135 Patent as provided under 35 U.S.C. § 284;

4. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice made at least as early as the service date of this Complaint, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

6. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

May 15, 2015

Respectfully Submitted,

**KAPPA DIGITAL, LLC**

By: /s/ Ronald W. Burns
Ronald W. Burns
Texas State Bar No. 24031903
Ronald W. Burns, Esq.
15139 Woodbluff Drive
Frisco, Texas  75035
Phone:  972-632-9009
rburns@burnsiplaw.com

**ATTORNEY FOR PLAINTIFF
KAPPA DIGITAL, LLC**